UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: PETER LETTERESE.　　　　　　　CASE NO 08-19642 BKC JKO
　　　　　　　　　　　　　　　　　　　　　　　Chapter 13
　　　Debtor
_____

DEBTOR'S MOTION TO WITHDRAW THE REFERENCE

Debtor Peter Letterese ("Debtor") by and through its undersigned attorney pursuant to Rule 5011-1 and 28 USC 157 hereby files this Motion to Withdraw the Reference of this Case from the Bankruptcy Court and Requests that the Bankruptcy Case be heard and determined in the United States District Court for the Southern District of Florida as follows:

I. BACKGROUND

Debtor, Peter Letterese ("Debtor"), brought a **Chapter 13 Wage Earner** proceeding after the Church of Scientology International, Inc. ("CSI"), Bridge Publications International, Inc. ("BRIDGE") and other Scientology entities and affiliates who in fact have no claims against the Debtor and Creditors Simeon Brier, Edwards Angell Palmer etc, Dr. Schwartz, and Dr. Brody masterminded a broad ranging and ongoing (14-years-long) economic and criminal attacks upon Debtor when Debtor filed lawsuits against the Church and its members, along with Scientology front corporation, Bridge Publications, various solicited plaintiffs Drs. Ness, Schwartz, Brody and others. All of the claims, which resulted in judgments, are presently on appeal which appeals have been stayed by the respective appellate courts due to this bankruptcy. One judgment against Debtor

1

is a fraudulent judgment, which the 4th District Court of Appeals in Florida has relinquished jurisdiction to consider a motion to vacate.

In response to the 14-year-long economic and criminal attack, Debtor filed and there is now pending a RICO action (including multiple additional causes of action) here in the Southern District of Florida[1], and a "due process" action also here in the Southern District of Florida[2]. Debtor is but one of two Plaintiffs in these cases Federal cases, joined by Creative Desperation Inc., which is also a Plaintiff.

The Federal RICO action asserts numerous  hundreds, depending on how one counts them) and continuing violations of 18 U.S.C. 1962(a) through (d), and predicate acts that violate several federal criminal laws, including but not limited to 18 U.S.C. 201 (bribery), 659 (theft from interstate shipment), 1341 (mail fraud), 1343 (wire fraud), 1503 (obstruction of justice), 1513 (witness tampering and retaliating against a victim), and others.  RICO Complaint, 08CV-61109,.  A civil RICO statement totaling over 164 pages identifying the facts, the perpetrators, their acts, the violations and damages were filed with that Court on September 1, 2008.

---

[1] Peter Letterese and Creative Desperation, Inc. (CDI) f/k/a Peter Letterese & Associates, Inc., Case No. 08CV-61109-Zloch-Snow, Filed July 15, 2008, in the United States District Court in and for the Southern District of Florida (the "RICO action").

[2] Creative Desperation, Inc. et al. v. Moxon et al, Case No. 08CV-60984-Ungaro-Simonton (the "due process action").

The RICO case, and the Debtor's due process case, have a potential for huge monetary recovery to the Debtor and thus are THE MAJOR ASSET of the Debtor, each claiming at least $250 million in damages, with years' worth of evidence to be introduced. RICO Complaint, 08CV-61109,; Due Process Complaint, 08CV-60984,.

Defendants in the RICO action include the Church, Bridge, Brier, Schwartz, Ness, and Brody all of whom claim to be creditors of this Bankruptcy proceeding, who aided and abetted the Church in the attack upon the Debtor. In total, there are 62 Defendants in the RICO complaint. Defendants in the Debtor's Due Process Case include the same above named Defendants/creditors in this bankruptcy as in the Debtor's RICO case. ). The Bankruptcy proceeding cannot be properly administered without considering the merits of the RICO action, without substantial duplication of effort of the District courts in the RICO action, Due Process and of this Debtor and without impeding and wreaking havoc on scheduling of actions in all the cases. Moreover, because it is the Church of Scientology entities goal to destroy the Debtor, this Chapter 13 bankruptcy case, in which the Church of Scientology despite lacking standing to do so, has moved to convert to a chapter 7, is unwittingly being used so that Scientology can benefit/profit from its crimes, the very crimes being pursued as predicate acts in the RICO action. A conversion will result in a likely liquidation of the law suits for nominal if any amounts to frustrate the remaining legitimate creditors of the Debtor and permit the Church, Bridge, Brier, Schwartz, Ness and Brody to avoid not only liability, but even having to be

tried in a Court. Further, because Debtor will seek a jury trial in the RICO action, and Due Process, the bankruptcy court cannot try those cases.

There is a serious issue as to whether the alleged Creditors have committed fraud upon the Bankruptcy Court with respect the claims asserted by Church which claim does not exist and was in fact dismissed. The claims of Dr. Ness do not exist by Court order. The claims of Dr. Schwartz will be expunged. Yet, these creditors continue to assert false claims before the Bankruptcy Court. The representation by counsel is also suspect and possibly fraudulent, as it is believed by Debtor that there is in fact no valid attorney client relationship between the creditors and their alleged counsel. In fact, it is believed one attorney for the Church in the litigation against the Debtor and Creative Desperation Inc., Kendrick Moxon has directed all of the representations without authority to do so. This claim is part of the RICO claim brought by Debtor, which is directly related to the bankruptcy proceeding.

Debtor desired to proceed with his Chapter 13, but the actions of these creditors caused Debtor to be forced to seek a dismissal of the bankruptcy Court. Despite the clear language of Section 1307(b) of the Title 11, these creditors have mounted objections to the dismissal, including raising an argument during an oral hearing, which had never been raised in their motions to convert.  Judge Olson improperly permitted the creditors oral argument for dismissal to be considered and continued the hearing to consider the oral argument.  Judge Olson has taken the issue of dismissal under advisement and to date has not entered any ruling leaving the Debtor in a most difficult position with respect to proceeding with the Due

4

Process and Rico cases. To withdraw the reference would place before the District Court the precise issues of the Due Process, RICO and bankruptcy and not cause this problem of how to proceed with the cases before a bankruptcy Court and a District Court. The Courts are battling how to handle the cases which is not in the interests of justice nor to the benefit of any of the parties, except for the false creditors and movants in this case because they could well train-wreck Debtor's ability to pursue the aforementioned litigation by manipulating the Chapter 13 court. The Debtor believes that Judge Olson is not aware (having no experience with Scientology's multi-decades history of manipulating courts) that he is being dissembled to and "played".

Each of the above reasons is *individually* sufficient cause for withdrawal of the reference. Here withdrawal is mandatory based on the conflict between federal bankruptcy and non-bankruptcy laws, which are the RICO Claims, Due Process Claims, which form the assets of the Debtor along with State Claims against American Arbitration Association Inc. for which a judgment has been obtained in favor of Debtor as a co-Plaintiff but not reduced to damages all involving interstate commerce. To allow the Bankruptcy Court to proceed with the Debtor's bankruptcy is causing significant(and deliberate by the Scientology party and its surrogates disruption to the pending litigation.

## II.    WITHDRAWAL OF THE REFERENCE IS MANDATORY UNDER THE CIRCUMSTANCES

Under 28 U.S.C. 157(d), "The district court shall…withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."  Interstate commerce is present since the claims involve RICO across state lines and Due Process Violations across state lines .

Withdrawal of the reference is mandatory under 28 U.S.C. §157(d) where there is a "substantial and material consideration" of non-bankruptcy code law, e.g., "resolution of cases of first impression" or "substantial and material conflicts" between nontitle 11 federal law and the Bankruptcy code.  In re Chris-Marine, U.S.A., Inc., 2001 WL 34098641 (M.D.Fla. 2001).  The RICO and Due Process issues are the fulcrum of the bankruptcy and involve non-bankruptcy matters.  The substantial issues in the Bankruptcy Court are the claims of the Debtor and the creditors' claims against the Debtor which are better determined in the District Court which must adjudicate each party's rights not the bankruptcy Court which is not able to try the RICO and Due Process or state claims of the Debtor.

Here, there is substantial conflict between bankruptcy law and non-bankruptcy federal law.

6

As being documented in the RICO action, the alleged Defendants/Creditors Church, Bridge and other Scientology entities and other Defendants have sought the economic destruction of Debtor primarily to try to destroy Debtor's livelihood by engaging the Defendants Simeon Brier, his firm and the clients of Debtor including Dr. Ness, Schwartz and Brody to sue Debtor falsely (as explained in the RICO action complaint, 08CV-61109, and have resorted to improper means extra judicially to accomplish the Church's goal of financial ruin of Debtor. .  If Church Bridge and other Scientology entities are successful in having the Debtor's assets liquidated, then they believe they may be successful in snuffing out the RICO and Due Process actions without any adjudication on the merits.

If the Scientology entities are successful in snuffing out Debtor through the bankruptcy proceeding alone, **then the Scientology entities have profited from their crimes** (the crimes being litigated in the RICO action), which would be completely in violation of and conflict with other Federal law, precluding criminals from profiting or benefiting from their crimes as RICO remedies are designed to protect the victims and force the perpetrators to pay. .  Moreover, the Bankruptcy court assumes and presupposes that the creditors want money from the debtor, yet they seek to frustrate the rights of the legitimate creditors including the IRS, and trade creditors from having any chance to recover the funds due to Debtor so that Debtor may repay its legitimate debts.  See Debtor's Schedules. Church, Bridge and the other Scientology entities want nothing other than to finish

the job they set out to accomplish at the onset and at every point throughout the 14-year history of their jihad against Debtor: to economically destroy, defame and eliminate Debtor as an entity.

**III.     THERE IS CAUSE TO WITHDRAW THE REFERENCE FOR MULTIPLE REASONS, INCLUDING THE ORDERLY ADMINISTRATION OF JUSTICE, AVOIDING DUPLICATIVE JUDICIAL ACTIONS, AVOIDING CONFLICTING JUDICIAL ACTIONS, AND PROVIDING THE BEST OPPORTUNITY FOR LEGITIMATE CREDITORS TO OBTAIN ASSETS**

Under 28 U.S.C. §157(d), "The district court may withdraw …any case or proceeding referred under this section on its own motion or on timely motion of any party for cause shown."  The first meeting of creditors of the Debtor was scheduled for August 21, 2008.

Our Court of Appeal has set forth some bases for showing cause to remove the reference, such as "advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process." In Re Ruby Mae Simmons, 200 F.3d 738, 742 (11th Cir. 2000).

To evaluate each creditor's claims and the claims of Debtor against the creditors, the Bankruptcy Court must necessarily understand the RICO and Due Process actions.  <u>The Bankruptcy proceeding and RICO and Due Process actions essentially merge.</u>  If the bankruptcy proceeding is left in the bankruptcy court, then the bankruptcy court will have untenable problems and conflicts with the district court proceedings where the assets will be litigated.

8

For example, in considering whether Debtor should take legal actions such as motions and the like in the RICO case and the other federal cases due process case), and thus considering the allocation of resources and appointment or approvals of counsel's actions, make decisions about the probable merits of the RICO action prior to those decisions being made in the RICO action by an Article III Court, and thus ***would necessitate the Bankruptcy Court guessing*** at what the District Court will do in the RICO action, and Due Process actions, or interfering with the cases as the Bankruptcy Court has done by restricting Debtor from any non essential actions, in those cases and also necessarily duplicating efforts of the RICO action and/or hindering the orderly prosecution of the Article III Court (District Court) actions (the RICO action, and the Due Process action ).

Possibly to try to avoid the problems above, the bankruptcy court will and will have to continually wait for the District Court to take actions in the RICO case and the other cases, interpret those actions, and try to apply them to the bankruptcy proceeding.

Simple scheduling issues have already caused interference with the Due Process case and the RICO case and be a cause of significant ongoing forum shopping and/or procedural wrangling in the Bankruptcy Court on the one hand, and in the Article III Court (district court) on the other hand.

All of this procedural wrangling, interference with and constraint on the district court cases, and duplication of effort **<u>is already occurring in the bankruptcy proceeding</u>**. It will be much more efficient and accurate for the

District Court to handle the Bankruptcy case, the Due Process Case, and the RICO case in the same Court proceedings, the district court .

The procedural complexities and potential for even greater wrangling and interference with the district court cases is already evident from the Bankruptcy Court's order trying to deal with simple motions and scheduling.

In considering debtor's counsel's role in the RICO and due process actions, the bankruptcy court has had to deal with the thorny issues of whether or not certain legal actions can be taken by debtor in the RICO and due process cases, and whether or not those cases require prompt action, and other issues touching the merits of the RICO and due process actions. The due process case is being delayed due to the pending bankruptcy case of this Debtor.

**Scientology, meanwhile, hopes to turn the bankruptcy matter into a liquidation of Debtor  to SNUFF OUT Debtor out of existence  and thereby SNUFF OUT Debtor's only right to collect its  assets for any rightful creditors in the RICO and Due process actions.**

The RICO action is a very complex action, and the Bankruptcy Court will constantly face issues of whether or not Debtor's counsel should take actions in the RICO action, and constantly try to understand the merits of that case, even in simple scheduling issues.  The Bankruptcy court cannot reasonably do that.  The chaos it is causing and will cause is evident from the complex order struggling with these issues.

Moreover, under 28 U.S.C. §157(e), the bankruptcy court cannot conduct a jury trial without the consent of the parties. Because Debtor has a right to jury trial in the RICO action, the Due Process action and the copyright case and many of the creditors in the Bankruptcy case are defendants in the RICO and Due Process actions, and Debtor will want a jury trial conducted only by an Article III, District Court Judge, processing the bankruptcy anywhere other than in the District Court is an extreme waste of judicial resources.

Further, the issues involved in the RICO and Due Process action, i.e. Scientology's broad ranging economic and criminal attack designed to wipe out Debtor, and the issues in the Bankruptcy court, administration of the debtor estate's litigation and handling the claims of the creditors who are defendants in the litigation, have <u>substantial overlap</u>.

The RICO and Due Process actions are Debtor's only reasonable way to assert its claims for criminal action of some of Church, Bridge and others, who are also creditors in the bankruptcy. Because the bankruptcy proceeding in the bankruptcy court is about to entertain a motion by those same RICO defendants/creditors to convert the Debtor's Chapter 13 case to Chapter 7 liquidation, contrary to the desires of the majority of the creditors and the U.S. Trustee office, **<u>THE BANKRUPTCY COURT COULD EFFECTUATE CHURCH AND BRIDGE AND OTHER SCIENTOLOGY RICO DEFENDANTS' GOAL (OF THE RICO CONSPIRACY) TO DESTROY DEBTOR.</u>** In this situation, that is wholly unfair and wholly inconsistent with the

11

goals of federal bankruptcy law and of federal RICO law.  The reference should and must be withdrawn to prevent this inequity.

Because the RICO case is so far ranging, the constraints of the bankruptcy proceeding necessarily interfere and hinder the prosecution of the RICO case, to the detriment of creditors of the estate, the reference should be withdrawn.  Thus, ample cause to withdraw the reference is shown to require the Article III Court to proceed with the Debtor's bankruptcy and also the RICO, and Due Process cases.

The Debtor's company Creative Desperation Inc. was converted to Chapter 7. Yet to date, the Chapter 7 Trustee has not taken any action in the Due Process or RICO Cases indicating at least initially, an intent to abandon these claims to this Debtor to proceed for his own interest and the interests of co-Plaintiff Creative Desperation Inc.   Creative Desperation Inc. has filed its own Motion to Withdraw the Reference, which remains pending before the Court and similarly requests the relief to proceed solely in the District Court and not in the Bankruptcy Court.

WHEREFORE the good cause shown Debtor Peter Letteerese respectfully requests this Court to Withdraw the Reference and require that only an Article III Court, the District Court hear the bankruptcy proceedings in conjunction with the Debtor's RICO Case, Due Process Case and Copyright cases and other relief as this Court deems proper.

I hereby certify that a  true and correct copy was sent by electronic  mail this  day of September, 2008:

U.S. Trustee

Chapter 13 Trustee

Marika Tolz Chapter 7 Trustee

For Creative Desperation Inc.

Alan Pearlman Esq

Simeon Brier Esq.

    And  mailed to all creditors on the Debtor's matrix.

        Charles D. Franken PA
        Attorney for Debtor
        8181 West Broward Blvd Suite 360
        Plantation Fl 33324
        954 476 7200
        By:  signed electronically
           Charles D. Franken  224251